1
2
3            UNITED STATES DISTRICT COURT
4                  DISTRICT OF NEVADA
5                           * * *
6    MARCEL EUGENE THOMAS,              Case No. 3:21-cv-00104-MMD-WGC
7                         Plaintiff,            ORDER
8         v.
     PERRY RUSSELL,
9
                        Defendant.
10
11   **I.    DISCUSSION**

12          This action began with a *pro se* civil rights complaint filed under 42 U.S.C. § 1983

13   by Plaintiff Marcel Eugene Thomas, a former state prisoner. On September 16, 2021, this

14   Court issued an order directing Thomas to file his updated address and a non-prisoner

15   application to proceed *in forma pauperis* with this Court within 30 days. (ECF No. 3.) The

16   30-day period has now expired, and Thomas has not filed his updated address, filed a

17   non-prisoner application to proceed *in forma pauperis*, or otherwise responded to the

18   Court's order.

19          District courts have the inherent power to control their dockets and "[i]n the

20   exercise of that power, they may impose sanctions including, where appropriate . . .

21   dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831

22   (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure

23   to prosecute an action, failure to obey a court order, or failure to comply with local rules.

24   *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (affirming dismissal for

25   noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)

26   (affirming dismissal for failure to comply with an order requiring amendment of complaint);

27   *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to

28   comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone*

1  *v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (affirming dismissal for failure to
2  comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986)
3  (affirming dismissal for lack of prosecution and failure to comply with local rules).

4       In determining whether to dismiss an action for lack of prosecution, failure to obey
5  a court order, or failure to comply with local rules, the court must consider several factors:
6  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to
7  manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring
8  disposition of cases on their merits; and (5) the availability of less drastic alternatives.
9  *See Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at
10  130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

11       Here, the Court finds that the first two factors, the public's interest in expeditiously
12  resolving this litigation and the Court's interest in managing the docket, weigh in favor of
13  dismissal. The third factor, risk of prejudice to Defendants, also weighs in favor of
14  dismissal, since a presumption of injury arises from the occurrence of unreasonable delay
15  in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air*
16  *West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—public policy favoring
17  disposition of cases on their merits—is greatly outweighed by the factors in favor of
18  dismissal discussed herein. Finally, a court's warning to a party that his failure to obey
19  the court's order will result in dismissal satisfies the "consideration of alternatives"
20  requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d
21  at 1424. The Court's order requiring Thomas to file his updated address and file a non-
22  prisoner application to proceed *in forma pauperis* with the Court within 30 days expressly
23  stated: "IT IS FURTHER ORDERED that, if Plaintiff fails to timely comply with this order,
24  the Court will dismiss this case without prejudice." (ECF No. 3 at 2.) Thus, Thomas had
25  adequate warning that dismissal would result from his noncompliance with the Court's
26  order to file his updated address and a non-prisoner application to proceed *in forma*
27  *pauperis* within 30 days.
28  ///

## II.    CONCLUSION

It is therefore ordered that this action is dismissed without prejudice based on Thomas's failure to file an updated address and a non-prisoner application to proceed *in forma pauperis* in compliance with this Court's September 16, 2021, order.

The Clerk of Court is directed to enter judgment accordingly and close this case.

DATED THIS 26th Day of October 2021.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE